Battle, J".
 

 The only question presented on the record, which it is necessary for us to decide, is whether the defendant is entitled to compensation for buying and selling the land mentioned in the pleadings, and for receiving and paying over the price to the parties entitled thereto, It clearly appears from the ¡Headings and proofs, that there was no agreement between the partie’s prior to the performance of the services, for which the defendant claims compensation, that he was to receive it. Such being the case, the law is well settled that he is not entitled to it. The parties were partners in the buying and selling of land, and there was no evidence that the plaintiff was appointed a special agent to manage the business, in which capacity only he could have claimed a salary or wages beyond his necessary expenses and disbursements in relatiou to it;
 
 Buford
 
 v. McNeely, 2 Dev. Eq. 486;
 
 Phillips
 
 v. Turner, 2 Dev. and Bat. Eq. 125;
 
 Anderson
 
 v. Taylor, 2 Ired. Eq. 420; Collier on Part. sec. 183. The case is not varied by what was said by one of the plaintiffs to the witness, Mr. Lash, when the services were about being closed : that he was willing to compensate the defendant liberally. If the expression of such willingness to make compensation can be construed into a promise at all, it was not made to the defendant, it did not purport to be an agreement between all the partners, and, if these objections were out of the way, it could, at most, be considered only as a promise, on a past consideration, and therefore, not binding; Steph. N. Pri. 243; Smith on Contracts, 56; Law Lib. 117.
 

 The counsel for the defendant, aware of the difficulty of supporting his claim, if the parties were to be considered as partners, has attempted to support it on the ground that the de
 
 *150
 
 fendant was to be regarded as a trustee in the transaction, and, as such, was entitled to a reasonable compensation for his services. Ve are at a loss to discover how the present defendant can be viewed in the light of a trustee, any more than any person who engages with others, either in a speculation, or a regular business, can be viewed in that light. It is a mere change of name without any change of character; and a court of Equity will not permit one of its best established rules to be thus violated by so simple a stratagem. The agreement of the parties was, in substance, that they should purchase and sell for their joint benefit, a certain tract of land, which made them partners in the transaction, no matter in whose name the purchase was to be made, and the details of the business carried on. Such being the case, neither of the parties can charge the others for iris services, in conducting the business, unless there was an agreement for compensation. The defendant is, as we have said before, entitled to have his necessary expenses and disbursements paid by the firm, and for the ascertainment of the amount thereof, there must be an account.
 

 Pee Curiam, Decree accordingly.